**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLOTTE MALONEY, on behalf of herself and all persons similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> VERIZON INTERNET SERVICES, INC.; and GTE.NET LLC, d/b/a/ Verizon Internet Solutions, <br><br> Defendants - Appellees. | No. 09-56805 <br><br> D.C. No. 5:08-cv-01885-SGL-AGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Submitted February 14, 2011[**]
Pasadena, California

Before: KLEINFELD, LUCERO,[***] and GRABER, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]      The Honorable Carlos F. Lucero, United States Circuit Judge for the Tenth Circuit, sitting by designation.

Plaintiff Charlotte Maloney appeals from the district court's dismissal, under Federal Rule of Civil Procedure 12(b)(6), of this diversity action against Defendants Verizon Internet Services, Inc., and GTE.NET LLC, d/b/a Verizon Internet Solutions. Reviewing de novo, <u>Manzarek v. St. Paul Fire & Marine Ins. Co.</u>, 519 F.3d 1025, 1030 (9th Cir. 2008), we affirm.

Defendants stated that a subscriber would receive Internet service at a speed "up to 3 Mbps."[1] As the "Terms of Service" contract explained, Defendants promised to provide "qualified [high-speed Internet] lines at the maximum line rate available to your location . . . . The speed of the Service will vary based on network or Internet congestion, your computer configuration, the condition of your telephone line and the wiring inside your location, among other factors." Because the maximum line rate available at Plaintiff's location was 1.792 Mbps, Defendants provided her high-speed Internet line at that maximum speed.

The district court properly dismissed Plaintiff's claim that Defendants engaged in a "fraudulent business act or practice" under the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. The "reasonable consumer" standard applies to that claim. <u>Williams v. Gerber Prods. Co.</u>, 552 F.3d 934, 938 (9th Cir. 2008). "Under the reasonable consumer standard, [Plaintiff] must show

---

[1] Mbps means megabits per second, or one million bits per second.

that members of the public are likely to be deceived." Id. (internal quotation marks omitted). A reasonable consumer would not have been deceived by Defendants' statements, which included the qualifier "up to" (meaning the same or less than) and an explanation that each consumer's maximum speed would vary depending on several listed customer-specific factors, including factors that applied to Plaintiff.

For similar reasons, the district court properly dismissed Plaintiff's claim that Defendants engaged in an "unfair . . . business act or practice" under the UCL, Cal. Bus. & Prof. Code § 17200. Because Defendants' statements were not misleading and because it is reasonable to charge the same fee to customers receiving a range of speeds, no unfairness occurred.[2]

The district court properly dismissed Plaintiff's claims under the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770. As Plaintiff concedes in her opening brief, "the same criteria" apply to the CLRA claims as to the UCL claims. Because the UCL claims fail, so do the CLRA claims.

---

[2] The proper test for determining whether a business practice is "unfair" in the consumer action context under California law is unclear. Lozano v. AT&T Wireless Servs., Inc., 504 F.3d 718, 736 (9th Cir. 2007). We assume that the balancing test continues to apply. Plaintiff makes no argument under any other test.

3

The district court properly dismissed Plaintiff's contract claim because Defendants did not breach the contract. See Walsh v. W. Valley Mission Cmty. Coll. Dist., 78 Cal. Rptr. 2d 725, 733 (Ct. App. 1998) (stating elements of a contract claim, which includes breach). Defendants provided Plaintiff with Internet service with a speed "up to 3 Mbps," subject to the express disclaimer that a lower maximum speed might apply depending on, among other factors, Plaintiff's location.

The district court properly dismissed Plaintiff's claim that Defendants breached the implied covenant of good faith and fair dealing, because the contract was not silent or ambiguous on the question of maximum speed. See Rose v. Wells Fargo & Co., 902 F.2d 1417, 1426 (9th Cir. 1990) (holding that a claim of breach of the implied covenant is available only "when the contract between the parties is silent or ambiguous on that subject" (citing Gerdlund v. Elec. Dispensers Int'l, 235 Cal. Rptr. 279, 286 (Ct. App. 1987)).

**AFFIRMED.**