FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ALEX TOMEK, | No. 13-16696 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02700-MCE-DAD |
| v. |  |
| APPLE INC., | MEMORANDUM[*] |
| Defendant - Appellee. |  |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Submitted November 18, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and IKUTA and HURWITZ, Circuit Judges.

Alex Tomek appeals from the district court's order granting Apple Inc.'s

motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure

("Rule") 12(b)(6) and failure to plead fraud with particularity under Rule 9(b). We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction over the district court's final order of dismissal pursuant to 28 U.S.C. § 1291, *see Scott v. Eversole Mortuary*, 522 F.2d 1110, 1112 (9th Cir. 1975), and review de novo dismissal of a complaint pursuant to Rule 12(b)(6) and Rule 9(b), *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). We affirm.

## I

Contrary to Apple's assertions, Tomek has both constitutional and statutory standing. California's Unfair Competition Law ("UCL") statutory standing is "more restrictive" than Article III standing because the injury must be economic, but "the quantum of lost money or property necessary to show standing is only so much as would suffice to establish [Article III] injury in fact." *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 886 (Cal. 2009). "[P]laintiffs who can truthfully allege they were deceived by a [company's representations] into spending money to purchase [a] product, and would not have purchased it otherwise," such as Tomek, have suffered an economic injury sufficient to confer standing under the UCL and Article III of the Constitution. *See id.* at 881, 866; *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.4 (9th Cir. 2013).

## II

The district court did not err in dismissing Tomek's claims for violations of California's Consumer Legal Remedies Act ("CLRA") and the UCL, and his common law claims of fraudulent concealment and intentional misrepresentation. Federal Rule of Civil Procedure 9(b) requires that all averments of fraud must be made with particularity. Regardless of the title given to a particular claim, allegations grounded in fraud are subject to Rule 9(b)'s pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). Rule 9(b) applies to UCL and CLRA claims "grounded in fraud." *Kearns*, 567 F.3d at 1125–27.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Under the CLRA, Cal. Civ. Code § 1770, "plaintiffs must sufficiently allege that a defendant was aware of [the unfair practice] at the time of sale to survive a motion to dismiss." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012). "Plaintiffs' UCL claim[s] also require[] that they allege [the seller's]

knowledge of a defect." *Id.* (analyzing unlawful prong); *see also id.* n.5 (applying similar analysis to the UCL's unfair and fraudulent prongs). Common law claims for fraudulent concealment and intentional misrepresentation likewise require that the defendant knew of the material fact and either misrepresented or concealed that fact to induce reliance by the plaintiff. *See Doe v. Superior Court*, 237 Cal. App. 4th 239, 244 (Cal. Ct. App. 2015) (listing elements for fraudulent concealment); *Chapman v. Skype, Inc.*, 220 Cal. App. 4th 217, 230–31 (Cal. Ct. App. 2013) (listing elements for intentional misrepresentation).

Tomek has not alleged specific facts that "allow[] the court to draw the reasonable inference" that Apple knew it was issuing misleading advertisements at the time Tomek purchased his laptop. *See Iqbal*, 556 U.S. at 678; *Wilson*, 668 F.3d at 1146–47 (dismissing suit when plaintiff made "merely conclusory" allegations regarding the defendant's knowledge). Tomek's references to customer complaints do not cure this defect because those complaints were posted after Tomek purchased his MacBook Pro. *Wilson*, 668 F.3d at 1147–48. Further, the later

evidence tendered to show that Apple released a patch solving the issue does not show knowledge of the defect at the time of sale.[1]

### III

The district court did not abuse its discretion by dismissing the CLRA, UCL, fraudulent concealment, and intentional misrepresentation claims without leave to amend the complaint. The district court reasonably concluded further amendments would be futile because Tomek had already filed three amended complaints. *See Sateriale v. RJ Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012).

**AFFIRMED.**

---

[1] The district court also concluded as a matter of law that the language of the advertisements would not deceive a reasonable consumer. We have held that it is unreasonable for consumers to rely solely on statements of "puffery," or general assertions of product superiority. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 n.3 (9th Cir. 2008); *see also Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 245–46 (9th Cir. 1990) (per curiam) (concluding that an advertisement consisted of inactionable puffery under the Lanham Act on review from a Rule 12(b)(6) dismissal). Apple's advertisements primarily consisted of such "puffery." Additionally, in an unpublished opinion, we concluded that advertisements similar to the ones at issue here that include "up to" speed qualifiers would not deceive reasonable consumers. *See Maloney v. Verizon Internet Servs., Inc.*, 413 F. App'x 997, 999 (9th Cir. Feb. 16, 2011).

*Tomek v. Apple Inc.*, No. 13-16696
IKUTA, Circuit Judge, dissenting:

California courts have been extremely generous to plaintiffs bringing claims under the "fraudulent prong" of California's Unfair Competition Law (UCL), which prohibits any "fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Unlike a plaintiff bringing a claim of common law fraud, a party bringing a UCL fraud claim need not allege that the defendant's actions were "actually false, known to be false by the perpetrator and reasonably relied upon by a victim who incurs damages." *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1255 (2009) (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009)). Rather, the plaintiff need merely allege that the defendant engaged in a business practice "that is likely to deceive members of the public." *Id.* Unless the court can say "as a matter of law that contrary to the complaint's allegations, members of the public were *not* likely to be deceived or misled" by the defendant's representations, the plaintiff has stated a cause of action. *Id.* at 1257 (*quoting Day v. AT&T Corp.*, 63 Cal. App. 4th 325, 333 (1998)).

In the complaint before us, Tomek alleges that Apple advertised the MacBook Pro as suitable for certain processor-intensive tasks, such as "high performance gaming, pro video editing and graphic intensive applications." Apple

1

calls these representations mere puffery and points to disclaimers in its advertising. But, contrary to the majority's analysis, Maj. Op. at 5 n.1, even puffery is actionable under the UCL fraudulent prong so long as it could deceive a reasonable consumer. *Morgan*, 177 Cal. App. 4th at 1255–56; *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 n.3 (9th Cir. 2008) (noting that even statements constituting puffery on their own cannot be dismissed when they contribute to the deceptive context as a whole).[1] And we have long held that a defendant's disclaimers do not per se defeat a claim that the public may be deceived, *see Williams v. Gerber*, 552 F.3d at 939–940. Tomek's complaint further alleges that the MacBook Pro is unsuitable for these processor-intensive tasks, because its 85-watt adapter is insufficient to power, without dramatically slowing or shutting itself down, the power-intensive applications that Apple represents the computer performs faster and more efficiently than its predecessors. Finally, the complaint alleges that Apple's representations were likely to deceive the public, citing to consumers' complaints about the MacBook's battery life.

Because Tomek has plausibly alleged that Apple engaged in a business

---

[1]The majority's reliance on *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 245–46 (9th Cir. 1990), is misplaced. Because that case considered "puffery" in the context of a Lanham Act claim, it sheds no light on California's interpretation of the UCL fraudulent prong.

practice "that is likely to deceive members of the public," *Morgan,* 177 Cal. App. 4th at 1255, he has succeeded in stating a claim under the fraudulent prong of the UCL. In holding otherwise, the majority erroneously requires Tomek to allege that Apple "was aware of the unfair practice at the time of sale," *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145–46 (9th Cir. 2012), *see* Maj. Op. at 3–4, but the UCL fraudulent prong has no such requirement, s*ee Morgan*, 177 Cal. App. 4th at 1255. I would therefore reverse the district court's order granting Apple's motion to dismiss this claim for failure to state a claim.