MEMORANDUM **
Alex Tomek appeals from the district court’s order granting Apple Inc.’s motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure (“Rule”) 12(b)(6) and failure to plead fraud with particularity under Rule 9(b). We have jurisdiction over the district court’s final order of dismissal pursuant to 28 U.S.C. § 1291, see Scott v. Eversole Mortuary, 522 F.2d 1110, 1112 (9th Cir.1975), and review de novo dismissal of a complaint *713 pursuant to Rule 12(b)(6) and Rule 9(b), see Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir.2009). We affirm.
I
Contrary to Apple’s assertions, Tomek has both constitutional and statutory standing. California’s Unfair Competition Law (“UCL”) statutory standing is “more restrictive” than Article III standing because the injury must be economic, but “the quantum of lost money or property necessary to show standing is only so much as would suffice to establish [Article III] injury in fact.” Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 120 Cal.Rptr.3d 741, 246 P.3d 877, 886 (2011). “[Plaintiffs who can truthfully allege they were deceived by a [company’s representations] into spending money to purchase [a] product, and would not have purchased it otherwise,” such as Tomek, have suffered an economic injury sufficient to confer standing under the UCL and Article III of the Constitution. See id., 120 Cal.Rptr.3d 741, 246 P.3d at 881, 886; Hinojos v. Kohl’s Corp., 718 F.3d 1098, 1104 n. 4 (9th Cir.2013).
II
The district court did not err in dismissing Tomek’s claims for violations of California’s Consumer Legal Remedies Act (“CLRA”) and the UCL, and his common law claims of fraudulent concealment and intentional misrepresentation. Federal Rule of Civil Procedure 9(b) requires that all averments of fraud must be made with particularity. Regardless of the title given to a particular claim, allegations grounded in fraud are subject to Rule 9(b)’s pleading requirements. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir.2003). Rule 9(b) applies to UCL and CLRA claims “grounded in fraud.” Kearns, 567 F.3d at 1125-27.
“To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). “Averments of fraud must be accompanied by ‘the who, what, when, where, and how’ of the misconduct charged.” Vess, 317 F.3d at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)).
Under the CLRA, Cal. Civ.Code § 1770, “plaintiffs must sufficiently allege that a defendant was aware of [the unfair practice] at the time of sale to survive a motion to dismiss.” Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 (9th Cir.2012). “Plaintiffs’ UCL elaimfs] also require[] that they allege [the seller’s] knowledge of a defect.” Id. (analyzing unlawful prong); see also id. n. 5 (applying similar analysis to the UCL’s unfair and fraudulent prongs). Common law claims for fraudulent concealment and intentional misrepresentation likewise require that the defendant knew of the material fact and either misrepresented or concealed that fact to induce reliance by the plaintiff. See Doe v. Superior Court, 237 Cal.App.4th 239, 244, 187 Cal.Rptr.3d 791 (Cal.Ct.App.2015) (listing elements for fraudulent concealment); Chapman v. Skype Inc., 220 Cal.App,4th 217, 230-31, 162 Cal.Rptr.3d 864 (Cal.Ct.App.2013) (listing elements for intentional misrepresentation).
Tomek has not alleged specific facts that “allow[ ] the court to draw the reasonable inference” that Apple knew it was issuing misleading advertisements at the time To-mek purchased his laptop. See Iqbal, 556 U.S. at 678, 129 S.Ct. 1937; Wilson, 668 F.3d at 1146-47 (dismissing suit when plaintiff made “merely conclusory” allegations regarding the defendant’s knowl *714 edge). Tomek’s references to customer complaints do not cure this defect because those complaints were posted after Tomek purchased his MacBook Pro. Wilson, 668 F.3d at 1147-48. Further, the later evidence tendered to show that Apple released a patch solving the issue does not show knowledge of the defect at the time of sale.[1]
Ill
The district court did not abuse its discretion by dismissing the CLRA, UCL, fraudulent concealment, and intentional misrepresentation claims without leave to amend the complaint. The district court reasonably concluded further amendments would be futile because Tomek had already filed three amended complaints. See Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 794 (9th Cir.2012).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R, 36-3.

. The district court also concluded as a matter of law that the language of the advertisements would not deceive a reasonable consumer. We have held that it is unreasonable for consumers to rely solely on statements of "puffery,” or general assertions of product superiority. See Williams v. Gerber Prods. Co., 552 F.3d 934, 939 n. 3 (9th Cir.2008); see also Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 245-46 (9th Cir.1990) (per curiam) (concluding that an advertisement consisted of inactionable puffery under the Lanham Act on review from a Rule 12(b)(6) dismissal). Apple’s advertisements primarily consisted of such "puffery.” Additionally, in an unpublished opinion, we concluded that advertisements similar to the ones at issue here that include "up to” speed qualifiers would not deceive reasonable consumers. See Maloney v. Verizon Internet Servs., Inc., 413 Fed.Appx. 997, 999 (9th Cir. Feb. 16, 2011).